Filed 9/12/24  P. v. Clerisse CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063023 |
| v. | (Super. Ct. No. 23HF0416) |
| JOHN ERNEST CLERISSE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge. Affirmed.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*       \*       \*

In 2023, a jury found defendant John Ernest Clerisse guilty of four counts of criminal threats (Pen. Code, § 422, subd. (a))[1] and one count of violating a protective order (§ 166, subd. (c)(1)).[2] The court subsequently granted defendant's motion to dismiss two of the criminal threats counts but denied the motion as to one of the criminal threats counts. The court also dismissed two of defendant's prior strikes.

The court sentenced defendant to 3 years 8 months in state prison as follows: (1) the upper term of three years for one count of criminal threats; and (2) a consecutive one-third middle term of eight months for the other count of criminal threats. The court stayed sentence on the violation of a protective order count pursuant to section 654.

Defendant filed a notice of appeal, and his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) setting forth the facts of the case and requesting we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel identified potential issues to assist in our independent review. Defendant was given the opportunity to file written argument on his own behalf, but he has not done so.

We have reviewed counsel's brief and examined the record in accordance with our obligations under *Wende* and *Anders.* We find no arguable issues on appeal and therefore affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] The jury also found defendant was not guilty of one count of attempted criminal threats (§§ 422, subd. (a), 664) and one count of criminal threats (§ 422, subd. (a)).

FACTS

At some point, defendant had issues with his vehicle and could not pay the mechanic for the repairs. The victim, a general contractor who had a business relationship with defendant, purchased the vehicle from the mechanic and loaned it back to defendant. Defendant ultimately did not repay the victim, and they stopped working together. Defendant subsequently made several threatening phone calls and left threatening voicemails for the victim. Relevant sentencing and procedural facts are summarized below.

DISCUSSION

Defendant's counsel suggests we consider the following issues: (1) whether "the trial court properly imposed an upper term sentence when the prosecutor neither alleged aggravating factors in the charging document nor provided notice of its intent to seek the upper term"; (2) whether "the trial court abused its discretion by imposing an upper term sentence when factors in mitigation outweighed those in aggravation"; (3) whether "the trial court properly imposed an upper term sentence without an admission or jury finding the aggravating factors true beyond a reasonable doubt"; (4) whether "the prosecutor engaged in misconduct by vouching for [the victim] during closing argument"; and (5) whether "the prosecutor violated the Racial Justice Act by excusing a juror who expressed a general concern[] about the trustworthiness of police officers." None of the above constitute a reasonably arguable issue on appeal.

First, the court relied on defendant's prior convictions to impose an upper term sentence, and defendant had notice because the prior convictions were alleged in the information. For these reasons, defendant had notice of potentially aggravating circumstances. In any event, section 1170

3

does not "require that any circumstances in aggravation be alleged in an indictment or information." (*People v. Pantaleon* (2023) 89 Cal.App.5th 932, 940.) Defendant's counsel cites to section 1170.1, subdivision (e), but that statute "does not apply to factors in aggravation used to impose an upper term." (*Pantaleon*, at p. 939; see *People v. Hall* (2023) 97 Cal.App.5th 1084, 1095 [same], review granted Feb. 28, 2024, S283530.) There is nothing "that would permit us to conclude [defendant] has a due process right to require the People to plead the prior conviction factors cited by the trial court in selecting the upper term . . . ." (*Pantaleon*, at p. 941.)

Second, the court did not abuse its discretion by selecting the upper term of three years for one of the criminal threats counts. Under section 1170, "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term" (*id*., subd. (b)(1)) unless aggravating circumstances justifying a higher term have been stipulated to by the defendant or found true beyond a reasonable doubt by the jury or judge in a bench trial (*id*., subd. (b)(2)). Notwithstanding the above, under section 1170, subdivision (b)(3), "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (*Ibid*.) The latter provision does not apply to enhancements imposed on prior convictions. (*Ibid*.)

Here, the court relied on section 1170[3] and found factors in aggravation in selecting the upper term. The court noted defendant had "numerous prior convictions, four prison terms, prior prison terms for the same conduct two prior times . . . in 2016 [and] in 2020." The court made

---

[3] The court stated it considered "1170(3)." Given the context of the court's statements regarding defendant's prior convictions, we understand the court to have referred to section 1170, subdivision (b)(3).

these findings after receiving a certified record of conviction from the prosecution. The court further stated: "[Defendant] continued to make threatening phone calls in this case, even after he was arrested. And according to Probation, he mentioned that he's still making calls, but there's nothing to support that, so I won't consider that. [¶] But while in custody on the original case, he was still making threatening phone calls." Aggravating circumstances accordingly justified a higher term.

Third, the rule that aggravating circumstances must be stipulated to by the defendant or found true beyond a reasonable doubt is irrelevant here. (§ 1170, subd. (b)(1), (b)(2).) The court explicitly stated it relied on section 1170, subdivision (b)(3), which permits a court to consider a defendant's prior convictions without submitting the convictions to a jury. (*Ibid.*)

Fourth, the prosecutor did not impermissibly vouch for the victim during closing argument by stating: "[The victim], when he was on the stand, he was not out there to just settle a score. If he didn't remember something, he said he didn't remember." "'"Improper vouching occurs when the prosecutor either (1) suggests that evidence not available to the jury supports the argument, or (2) invokes his or her personal prestige or depth of experience, or the prestige or reputation of the office, in support of the argument."'" (*People v. Lamb* (2024) 16 Cal.5th 400.) But "'a prosecutor's assurances regarding the apparent honesty or reliability of prosecution witnesses'" cannot be characterized as improper vouching if they "'are based on the "facts of [the] record and the inferences reasonably drawn therefrom, rather than any purported personal knowledge or belief."'" (*Ibid.*) Here, the prosecutor's statement provided assurances about the apparent reliability of

5

the victim based on the record. The prosecutor did not rely on his own personal knowledge or evidence outside the record.

Finally, the prosecutor did not violate the California Racial Justice Act of 2020 (Stats. 2020, ch. 317) by using a peremptory challenge to excuse a potential juror who was a white male. Under Code of Civil Procedure section 231.7, the exercise of a peremptory challenge against a potential juror based on his or her "[e]xpressing a distrust of or having a negative experience with law enforcement or the criminal legal system" (*id.*, subd. (e)(1)) is presumptively invalid "unless the party exercising the peremptory challenge can show by clear and convincing evidence that an objectively reasonable person would view the rationale as unrelated to a prospective juror's race, ethnicity, gender, gender identity, sexual orientation, national origin, or religious affiliation, or perceived membership in any of those groups, and that the reasons articulated bear on the prospective juror's ability to be fair and impartial . . ." (*id.*, subd. (e)).

Defendant's counsel questions whether the prosecutor violated the latter provision by excusing a potential juror who expressed a concern about the trustworthiness of police officers. The prosecutor's peremptory challenge was not based on the potential juror's distrust or negative experience with law enforcement. Instead, the prosecutor explained his peremptory challenge during a sidebar: "When I . . . asked [the potential juror] if his idea of the law—like criminal threats—differed from what the elements were, he wavered." The prosecutor explained: "[The potential juror] said it may seem off to him, he may have—you know, he can't promise anything, there may be an implicit bias." The prosecutor further argued the victim in the case was a white male like the potential juror, there were several white males left on the panel, and this was the prosecutor's first

6

peremptory challenge. The court noted the potential juror had said he did not trust police officers, but the prosecutor responded that was not the basis for his peremptory challenge. In short, the prosecutor did not violate Code of Civil Procedure section 231.7, subdivision (e).

We have further reviewed the record in accordance with our obligations under *Wende, supra,* 25 Cal.3d 436, and find no other arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.

SANCHEZ, J.

WE CONCUR:

GOETHALS, ACTING P. J.

MOTOIKE, J.

7